# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No.  04-6052WA

_____

| | | |
|---|---|---|
| In re: Stephen A. Griffin | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Richard L. Cox | * | Appeal from the United States |
| | * | Bankruptcy Court for Western |
| Plaintiff-Appellee, | * | Arkansas |
| | * | |
| v. | * | |
| | * | |
| Barbara Griffin, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: January 21, 2005
Filed: January 27, 2005

_____

Before, SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

Barbara Griffin appeals from an order of the bankruptcy court[1] avoiding post petition payments made to her by her husband, debtor Stephen A. Griffin. The bankruptcy court also held that a prenuptial agreement executed by Stephen and

_____

[1]The Honorable James G. Mixon, United States Bankruptcy Court for Western Arkansas.

Barbara did not result in a present transfer of certain real estate to Barbara. As a result, such real estate is an asset of Stephen's bankruptcy estate. We affirm.

FACTUAL BACKGROUND

On April 26, 2000, Barbara and Stephen executed a prenuptial agreement that provided in part:

> Further, it is the intent of Stephen Griffin to give, devise, and bequeath to Barbara Freeman, the One acre of Land and Improvements located at 9105, 9107, and 9109 Highway 71 South, Fort Smith, Arkansas. Upon the death of Stephen Griffin, Barbara Freeman is also entitled to receive any rent income from this property.

At the same time, Stephen apparently executed and delivered to Barbara a Quitclaim Deed to the real estate. Barbara did not, however, record the deed at that time. On April 28, 2000, Barbara and Stephen were married.

On December 1, 2000, Stephen purchased the liquor store business, including all of its assets, that was located on the real estate at issue in the prenuptial agreement. The purchaser under the agreement was Stephen A. Griffin d/b/a G&K Oil. The bookkeeper for the liquor store disbursed to Stephen rental payments in the amount of $8,000.00 per month. Stephen testified that he formed a limited liability company (LLC) to hold the assets of the liquor store, but he never transferred any assets into the LLC and the LLC never operated the store. On August 28, 2001, Stephen filed Articles of Incorporation for an entity denominated as Highway 71 Liquor, Inc. He issued 50 shares in that corporation to himself and 50 shares to Barbara. Stephen never executed any documents transferring the assets of the liquor store to the corporation. Barbara paid no consideration for her stock. In December of 2001 Stephen did, however, instruct the bookkeeper to issue five checks to Barbara in the

amount of $2,500.00 each and to backdate the books and records to show that she had been receiving regular disbursements since the incorporation.

On January 14, 2002, Stephen filed a Chapter 11 bankruptcy petition. On February 5, 2003, the court converted the case to Chapter 7. On February 20, 2003, Barbara recorded the Quitclaim Deed.

On April 11, 2003, the bankruptcy court entered an order holding that the liquor store business was Stephen's sole property at the time of the Chapter 11 filing. No one appealed that order.

After conversion to Chapter 7, the trustee learned that in December of 2001 Stephen had instructed the bookkeeper to begin paying Barbara and himself each $5,000.00 per month. The first disbursements were made on December 24, 2001, and were made each month thereafter until the case was converted to Chapter 7 on February 5, 2003.

The Chapter 7 trustee filed an adversary proceeding seeking to avoid the post-petition transfer of funds to Barbara, and to avoid the filing of the Quitclaim Deed. On September 8, 2004, the court entered judgment in favor of the trustee. The court found as follows: (1) the post-petition payments to Barbara, totaling $65,000.00, are avoidable; (2) the Quitclaim Deed was recorded post petition and, thus, was void as to the trustee; and (3) the prenuptial agreement did not transfer a present interest in real estate. On appeal, Barbara contends that she owns the real estate and was, therefore, entitled to rent payments in the amount of $5,000.00 per month. Alternatively, she argues that she owns 50 percent of the operating entity known as Highway 71 Liquor, Inc., and her ownership interest entitles her to the disbursements she received.

## STANDARD OF REVIEW

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, giving due regard to the opportunity of the bankruptcy court to judge the credibility of the witnesses.[2] We review the legal conclusions of the bankruptcy court *de novo.*[3]

## DISCUSSION

Barbara's arguments on appeal are based on her contention that she is the owner of the real estate, and is also the owner of one-half of the business from which the challenged payments were made. We begin with the real estate. Barbara contends that the language in the prenuptial agreement is evidence of Stephen's intent to give her the real estate upon which the liquor store is located. The bankruptcy court found that the language "to give, devise, and bequeath" is a term of art used to grant a future interest. We agree. Moreover, in Arkansas, an inter vivos gift conveys a present ownership interest only if the donor is of sound mind, delivers the gift, and releases all future dominion and control over the property.[4] The bankruptcy court found that Stephen continued to collect the rent from the real estate until shortly before he filed for bankruptcy relief, thus he did not relinquish dominion and control over the property. The court, therefore, correctly found, especially in light of the fact that the

---

[2]*Gourley v. Usery (In re Usery),* 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow*, 111 F.3d 604, 609 (8th Cir.1997)). Fed. R. Bankr. P. 8013.

[3]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow),* 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan),* 108 F.3d 886, 888 (8th Cir. 1997).

[4]*Wesley v. Estate of Bosley*, 105 S.W.3d 389, 393 (Ark. Ct. App. 2003).

Quitclaim Deed was never recorded, that a prenuptial agreement cannot act as a conveyance of property in and of itself.

Even if the prenuptial agreement did convey Stephen's interest in the real estate, Barbara would not prevail. While the Quitclaim Deed was apparently executed on April 26, 2001, it is undisputed that it was recorded on February 20, 2003–13 months after Stephen filed this bankruptcy case. The bankruptcy trustee has, as of the commencement of the case, the rights and powers of a bona fide purchaser:

> (A) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> . . .
>
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such purchase].[5]

In a Chapter 11 case, which this one started out as, a debtor in possession has all applicable rights to which a bankruptcy trustee would be entitled.[6] Thus, any unrecorded interest as of the date of the Chapter 11 filing is junior to the bona fide purchaser status of the debtor in possession (or the trustee). Since Barbara had not recorded the deed as of the commencement of the case, the debtor in possession (and

---

[5] 11 U.S.C. § 544(a)(3). *See also, Mixon v. Anderson (In re Ozark Restaurant Equipment Co.)*, 816 F.2d 1222, 1229 (8th Cir. 1987) (stating that, with respect to real estate, section 544 confers upon the trustee the rights of a bona fide purchaser).

[6] 11 U.S.C. § 1107(c).

later the trustee) succeeded to Stephen's ownership interest. Barbara argues that the Chapter 7 trustee had notice of her Quitclaim Deed and should, therefore, be denied the status of a bona fide purchaser. The bankruptcy court, however, correctly found that the trustee's personal notice is not relevant.[7] As the court explained in *In re Sandy Ridge Oil Company*,[8] bankruptcy courts look to state law to determine the rights of the parties unless Congress specifically requires courts to do otherwise. Section 544 specifically provides that the trustee shall avoid an interest avoidable by a bona fide purchaser, "without regard to any knowledge of the trustee."[9] Moreover, the trustee had no knowledge, constructive or actual, of an unrecorded Quitclaim Deed on January 14, 2002, when Stephen filed this case. Barbara's interest in the real estate is, therefore, inferior to that of the trustee.

We turn next to the post-petition payments of $5,000.00 per month. Barbara first contends that she was entitled to such payments as rent for the liquor store premises. Since we have concluded that she did not own the real estate, she is not entitled to collect rent therefrom. Next, she contends that the payments were made from the liquor store, and that she owns 50 percent of the stock in the company that owns the liquor store. The bankruptcy court had found, however, in an order entered on April 11, 2003, that the assets of the liquor store were the sole property of Stephen. Barbara did not appeal that order. The bankruptcy court found that, while she may own 50 percent of the stock of Highway 71 Liquor, Inc., that corporation owned no assets. The operating entity at the time of the bankruptcy filing was Highway 71 South Liquor, a sole proprietorship owned by Stephen Griffin. That

---

[7]*Mixon v. Anderson (In re Ozark Restaurant Equipment Co.)*, 816 F.2d 1222, 1229 (8th Cir. 1987) (holding that the rights afforded the trustee by section 544 exist without regard to any knowledge of the trustee); *In re Sandy Ridge Oil Co.*, 807 F.2d 1332, 1335 (7th Cir. 1986).

[8]807 F.2d 1332.

[9]*Id.* at 1335 (citing 11 U.S.C. § 544(a).

finding is now final, and is the law of this case.[10]   Therefore, the disbursements at issue were made not by the corporation, but by Stephen in his status as debtor in possession.

The disbursements at issue in this appeal were all made post petition. Section 549 of the Code authorizes the trustee to avoid any post-petition transfer of property of the estate that is not authorized by the Court:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate–
>
> > (1) that occurs after the commencement of the case; and
> >
> > (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
> >
> > (B) that is not authorized under this title or by the court.[11]

The bankruptcy court never authorized post-petition disbursements to Barbara from the liquor store. The court, therefore, did not err when it found the disbursements avoidable.

The bankruptcy court correctly found that Barbara does not hold an interest in real estate superior to that of the trustee. And, the bankruptcy court correctly found that post-petition disbursements to her in the amount of $65,000.00 were recoverable

---

[10]*Arizona v. California*,  460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983) (law of case doctrine posits "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case").

[11]11 U.S.C. § 549(a).

under section 549 of the Code. We, therefore, affirm the judgment of the bankruptcy court.

_____